VON HAUGER *v.* STATE OF INDIANA.

[No. 1069S230. Filed April 27, 1970. No petition for rehearing filed.]

*Don R. Money,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, and *Kenneth M. McDermott,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with the violation of the 1935 Narcotics Act. The affidavit was in two counts: Count 1 charged appellant with the unlawful sale and dispensing of heroin; Count 2 charged the appellant with the unlawful possession of heroin. Upon a plea of not guilty, trial was had by court resulting in a finding of guilty on both counts. Judgment was entered on Count 2 sentencing the appellant to the Indiana Reformatory for not less than five nor more than 20 years and a fine of $1.00 and costs.

The evidence in this case is that Officer John Ferguson of the Indiana State Police had for several days been conducting an investigation concerning the appellant's activities with regard to narcotics. In this investigation Officer Ferguson had learned that a Donald Purkerson had been obtaining narcotics from the appellant. On the evening preceding the arrest of the appellant for the crime in question, Officer Ferguson had obtained permission from Purkerson to be in the kitchen in Purkerson's apartment and from there to witness a purchase by Purkerson of narcotics from the appellant. On that occasion he did observe the transaction and with Purkerson's permission took the contents of the package which had been received by Purkerson from the appellant to the Indiana University Medical Center where the contents were analyzed and found to be heroin.

The following evening, again with the permission of Purkerson, Officer John Ferguson together with three other police officers again entered the kitchen in Purkerson's apartment where they observed another transaction wherein Purkerson gave the appellant $100 and the appellant turned over packets to Purkerson, which were later analyzed and found to contain heroin. At that time the officers made their presence known to the appellant and placed him under arrest. The officers testified that they did not have a warrant to search the premises nor did they have a warrant for the arrest of the appellant.

The appellant made a motion to suppress the evidence obtained at the time of the arrest on the ground that the officers had entered the premises without a search warrant and made the arrest of the appellant without a warrant. The police officers had every right to be in Purkerson's apartment, having been invited there by Purkerson. The appellant cannot successfully object to the presence of police officers in Purkerson's apartment. *Leonard* v. *State* (1968), 249 Ind. 361, 232 N. E. 2d 882, 12 Ind. Dec. 505;

*Minton* v. *State* (1966), 247 Ind. 307, 214 N. E. 2d 380, 7 Ind. Dec. 684. Purkerson was under no obligation to inform the appellant that he was acting in cooperation with the police officers. *Hoffa* v. *U. S.* (1966), 385 U. S. 293, 87 S. Ct. 408, 17 L. Ed. 2d 374.

The crime for which the appellant was arrested was committed in the plain view of the police officers. In view of their prior knowledge of a former transaction between the appellant and Purkerson, the officers had reasonable cause to believe that the transaction which they were witnessing was the sale of narcotics. No warrant is necessary for officers to make a valid arrest where the crime is committed in their presence. *Williams* v. *State* (1969), 253 Ind. 316, 253 N. E. 2d 242, 19 Ind. Dec. 623. The arrest of the appellant was lawful. Therefore, the ensuing search was valid. *Wagner* v. *State* (1968), 249 Ind. 457, 233 N. E. 2d 236, 12 Ind. Dec. 596. The motion to suppress was, therefore, properly overruled .

The appellant also assigns as error that the judgment was not sustained by sufficient evidence and that it was contrary to law. In view of the foregoing facts we hold that the trial court had sufficient evidence before it to find that the appellant had heroin in his possession, and that he sold the heroin to Purkerson. We, therefore, find that the judgment of the court is sustained by sufficient evidence, and that it is not contrary to law.

Appellant also mentions in his argument that the officers were guilty of "entrapment." He cites no authority to support this proposition. However, we observe from the foregoing facts that the officers did nothing to induce appellant to commit a crime, but merely through good police work obtained information as to where they might observe the appellant conduct his narcotics business. We see nothing whatever in the evidence to indicate that these officers

resorted to entrapment. *Spight* v. *State* (1967), 248 Ind. 287, 226 N. E. 2d 895, 10 Ind. Dec. 601.

Appellant also mentions in his brief that he did not have the opportunity to be faced by his accuser. In view of the testimony of Officer Ferguson, who personally observed the commission of the crime, we find this contention without merit.

The trial court is, therefore, in all things affirmed.

Hunter, C.J., Arterburn and DeBruler, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 257 N. E. 2d 669.