LARRY COSBY *v.* STATE OF INDIANA.

[No. 969S212. Filed March 12, 1971. No petition for rehearing filed.]

*Don R. Money,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—This is an appeal from the Marion Criminal Court, Division Two, wherein the defendant was tried by a jury and found guilty of the crime of robbery.

The prosecuting witness, Herod Rains, testified upon direct examination that on August 30, 1968, he was employed at the Hosier Pharmacy, 8208 Allisonville Road, Indianapolis, Indiana. On that date, at about 10:30 p.m., the defendant entered the store, went behind one of the counters, and came out with a double-barrel, sawed-off shotgun, the gun apparently having been hidden underneath the defendant's sweat shirt.

Rains further testified that defendant's accomplice took money out of the front register and that he, Rains, was ordered to open up the other register. Afterwards, defendant ordered Rains to give him narcotics, specifically, dilaudid. During the robbery, the defendant threatened to blow the head off of Donna Simmerman, the other employee in the store. Rains testified the defendant and his accomplice fled in Rains' car. Witness Donna Simmerman testified to substantially the same facts.

Defendant first contends the State failed to prove the identity of the defendant beyond a reasonable doubt. With this contention we cannot agree. It is well settled that a conviction will be sustained if there is any evidence of probative value of the facts essential to support the judgment. *Powell* v. *State* (1970), 254 Ind. 200, 258 N. E. 2d 633; *Majko* v. *State* (1965), 246 Ind. 506, 207 N. E. 2d 212. When the question of sufficiency of the evidence is raised on appeal, this Court will consider only that evidence most favorable to the appellee, together with all reasonable inferences. *Moore* v. *State* (1970), 254 Ind. 23, 256 N. E. 2d 907; *Donaldson* v. *State* (1952), 231 Ind. 434, 108 N. E. 2d 888. Further, this Court will not weigh evidence or determine credibility of witnesses. *Kirk* v. *State* (1970), 254 Ind. 54, 257 N. E. 2d 304; *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809.

In the case before us, two witnesses testified that the defendant was one of the two men who robbed them. ■ Their identification was positive. We therefore conclude that the State did prove the identity of the defendant.

The appellant urges that there was a "glaring defect of lack of probable cause for the arrest of the appellant." The evidence shows that Herod Rains, the victim, in the presence of the arresting officer, identified a picture of the defendant from among thirty mug shots presented to him. He made an immediate and unequivocal identification of the defendant as the robber. He was unable to identify any of the other pictures. Immediately upon the identification of the defendant, a search was made which continued for twenty-four hours, until the defendant was found and arrested.

It is further argued that the defendant was not given a proper constitutional warning under *Miranda* v. *Arizona* (1966), 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694. However, the defendant does not point out specifically wherein he was not warned of any particular right. The evidence shows that the arresting officer informed him of his rights and there was entered into the evidence an exhibit which was read to the defendant at the time of his arrest. The Exhibit No. 1 is as follows:

"DEFENDANT: Larry Leon Cosby CASE NUMBER 68-14597

The Marion County Sheriff's Department advises as follows:

1. You have a right to remain silent.
2. Anything you say can and will be used against you in a court of law.
3. You have the right to talk to an attorney and have him present with you while you are being questioned.
4. If you cannot afford to hire an attorney, one will be appointed to represent you before any questioning, if you wish one.
5. If you decide to answer questions now without an attorney present, you will still have the right to stop

answering at any time. You also have the right to stop answering at any time until you talk to an attorney.

David N. Copp—Det. Sgt.
Marion County Sheriff's Dept.

I have read the above statement and understand it fully. I wish to make a voluntary statement and I do not want an attorney. No force, threats or promises have been used by anyone in any way to make me sign this, and I sign this statement after having been advised of the above rights before any questions have been asked of me.

Larry L. Cosby

Signed at 4:20 o'clock p.m., this 4th day of Sept., 1968, at Sheriff Dept. Inv. Section in the City of Indianapolis, Indiana."

From defendant's brief, we cannot understand his contention as to wherein the warning was inadequate.

The appellant cites *Kinnaird* v. *State* (1968), 251 Ind. 506, 242 N. E. 2d 500 for the proposition that the arrest was illegal. The *Kinnaird* case stands merely for the proposition that there must be probable cause for the issuance of an arrest warrant. In the case before us, as the facts are set out above, there undoubtedly was probable cause when the victim positively identified the mug shot of the appellant. The appellant in his brief makes no contention that a warrant should have been issued in this case, but only contends there was lack of probable cause.

In *Capps* v. *State* (1967), 248 Ind. 472, 476, 229 N. E. 2d 794, 796, we stated:

"It has long been held in Indiana that a peace officer may arrest a suspect without a warrant when he has reasonable and probable cause for believing that a felony is being, or has been committed by the person arrested. *Johns* v. *State* (1956), 235 Ind. 464, 134 N. E. 2d 552; *Pearman* v. *State* (1954), 233 Ind. 111, 117 N. E. 2d 362; *Koscielski* v. *State* (1927), 199 Ind. 546, 158 N. E. 902. A police officer may base his belief that there is reasonable and probable cause for arresting a person on information received from another. *Long* v. *State* (1929), 89 Ind. App. 496, 167 N. E. 140."

Appellant's brief appears not to be well connected, but confusing and difficult for us to follow.

The judgment of the trial court is affirmed.

Givan, Prentice, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 379.