OTTO HOWARD DEERING *v.* STATE OF INDIANA.

[No. 272A74. Filed June 30, 1972. Rehearing denied August 15, 1972. Transfer denied April 18, 1973.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

SULLIVAN, J.—Defendant-appellant was charged with the crime of Theft. Following trial to the court without a jury, defendant was convicted of the lesser included offense of theft of property not from the person and of less than $100 in value and was sentenced to an indeterminate term of not less than one year nor more than five years in the Indiana State Prison and was disfranchised for a period of one year.

The facts disclose that during the early morning hours of November 5, 1970 the officers who thereafter arrested defendant Deering received a radio dispatch that a burglary had taken place at a Shell service station located at Belmont and Michigan Streets in Indianapolis. The report stated that

a black old-model pick up truck was involved in the burglary. Shortly thereafter the officers received information that a truck matching the description was detained by a train on Belmont Street, a few blocks from the burglarized Shell service station. The officers intercepted the truck so described. One of the officers noted that there were some new tires with "Shell" labels on them visible in the rear bed of the truck. Following the arrest of the defendant, the officers returned to the Shell station. The manager of the Shell station testified that at the time in question his service station had been forcibly entered and that merchandise including 18 new tires was missing. He further testified that the tires returned by the police from defendant's truck bore the same serial number and labels as tires taken from his station.

Defendant-appellant assigns as error two specifications:

1. That the trial court erroneously refused to suppress testimony by the arresting police officers concerning tires found in the truck driven by defendant at the time of his arrest; and
2. That the decision of the court was not supported by sufficient evidence in that there was no evidence that the defendant committed a theft nor was there evidence to support a determination that the tires found in defendant's possession at the time of his arrest had been stolen.

With respect to his first specification, appellant cites and relies upon *Paxton* v. *State* (1970), 255 Ind. 264, 263 N. E. 2d 636, in which our Supreme Court held that an arrest for reckless driving did not authorize a warrantless search of the defendant's automobile in the absence of probable cause to believe that the automobile contained seizable items. The *Paxton* case is wholly distinguishable from the matter now before us. In *Paxton*, the arresting officer testified that he was looking for a burglar suspect but that he did not connect the defendants nor their automobile with that particular burglary and that his attention was called to the car only by the lateness of the hour at which the car was being operated. As

hereinbefore noted, it was a description radioed to the arresting officers here which prompted the officers to stop the truck driven by the appellant Deering.

Further, and most important as a point of distinction, is the fact that the new tires were clearly visible in the rear of the truck occupied by the appellant Deering. Therefore, appellant's contention here to the effect that the tires seized were improperly and unlawfully obtained for the reason that the search of the truck was unlawful is to no avail for the simple reason that the truck was not searched by the arresting officers. As stated in *McCoy* v. *State* (1960), 241 Ind. 104, 170 N. E. 2d 43:

"* * * the term 'search' implies a prying into hidden places for that which is concealed."

Very simply stated, the defendant here was stopped and arrested because the truck operated by him matched the description of a truck reportedly involved in a burglary of a Shell service station, and in the rear of such truck in open view were new tires bearing a Shell label. No search was necessary. See *Alcorn* v. *State* (1970), 255 Ind. 491, 265 N. E. 2d 413 at 416 quoting from *McDonald* v. *United States* (1948), 83 U.S. App. D. C. 96, 166 F. 2d 957; *Presley* v. *State,* 152 Ind. App. 637, 284 N. E. 2d 526.

The facts presented before us fall within the holding of the Indiana Supreme Court in *Pettit* v. *State* (1934), 207 Ind. 478, 188 N. E. 784, wherein the arresting officers in Lafayette received information from police in Crawfordsville that an automobile belonging to defendant had been used in a hold up of a filling station attendant in Crawfordsville. The arresting officers took the defendant into custody following which a search was made of his vehicle. The seizure of money, checks and coupons taken in the hold up was sought to be suppressed by defendant. The court held such evidence admissible and in so doing took

note of the general rule that seizure is authorized if the arresting officer has probable cause to believe that the vehicle from which the seizure is made was used in the commission of the felony for which the particular defendant has been arrested. See also *McCoy* v. *State* (1958), 237 Ind. 654, 148 N. E. 2d 190 and *Durrett* v. *State* (1966), 247 Ind. 692, 219 N. E. 2d 814.

With reference to appellant's second specification concerning the sufficiency of the evidence, we deem it unnecessary to restate all of the facts. Suffice it to say that a black pick up truck was reported involved in a burglary of a Shell service station, and that shortly thereafter police officers stopped a black pick up truck occupied by defendant Deering in which were contained a number of new tires with Shell labels upon them. The truck was escorted to the Shell service station in question where the station manager identified the tires seized as the tires missing from his station. We deem such evidence wholly sufficient to sustain the decision and judgment of the trial court below, for as stated in *Lawrence* v. *State* (1963), 244 Ind. 305, 192 N. E. 2d 629:

> "The rule is that unexplained, exclusive possession of recently stolen property constitutes a circumstance from which a court or jury may draw an inference of guilt."

The language immediately above quoted from the *Lawrence* case was recently set forth in *Gann* v. *State* (1971), 256 Ind. 429, 269 N. E. 2d 381, wherein a majority of the Supreme Court affirmed a conviction under circumstances not unlike those here presented. Upon the authority of the *Gann* case, *supra,* we reaffirm our statement that the evidence is ample to sustain defendant's conviction.

Judgment affirmed.

White, P.J. and Buchanan, J., concur.

NOTE.—Reported in 284 N. E. 2d 553.