DONALD R. HUGHLEY *v*. STATE OF INDIANA.

[No. 2-273A43.  Filed September 26, 1974.]

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, *Carr L. Darden, Sr.*, Deputy Public Defender, for appellee.

*Theodore L. Sendak*, Attorney General, *Larry C. Gossett*, Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Petitioner-Appellant Donald R. Hughley (Hughley) appeals from the trial court's denial of post-conviction relief from a judgment convicting him of violating the 1935 Narcotics Act (possession of marijuana). Hughley claims the trial court erroneously admitted "tainted" evidence

which resulted from lack of probable cause for his warrantless arrest.

We affirm.

## FACTS

A recital of the evidence most favorable to the State and the judgment below is as follows:

On July 8, 1971, Indianapolis Police Officer Crawford was notified by an informer that Hughley was in possession of marijuana. Crawford and Sargeant Mukes then observed the informer enter Hughley's apartment at 2864 N. Illinois Street in Indianapolis, for the purpose of making a buy with money provided by Crawford. Approximately five minutes later the informant returned with a bag of green weedy substance.

Crawford and Mukes, possessing neither an arrest nor a search warrant, entered Hughley's apartment building. As they approached the stairwell which led to Hughley's apartment, the officers smelled the odor of what they believed to be marijuana.

They then knocked on Hughley's door, identified themselves as police officers, and were admitted to the apartment by Hughley. There they found several persons present along with a light brown paper bag on the floor and hand-rolled cigarettes burning in several ashtrays. The contents of both the cigarettes and the bag were field tested immediately and were determined to be marijuana. Hughley then was arrested and charged with violation of the 1935 Narcotics Act.

During the course of the trial, Officer Crawford testified that the informant had proven to be reliable in the past and his information had resulted in many previous arrests and convictions. Furthermore, this informant gave accurate, detailed information about a plan to cut the marijuana into different bags for street distribution.

After overruling several objections by Hughley which challenged the reliability of the informant and the admission

of the bag of marijuana, the trial court found him guilty of possession of marijuana in violation of the 1935 Narcotics Act.

Hughley was sentenced to a term of not less than two nor more than ten years imprisonment.

## ISSUE

A single issue is preserved:[1]

Was Hughley's conviction based on the admission of tainted evidence resulting from an arrest and search without probable cause?

Hughley contends that the arresting police officers' reliance upon the information supplied by the unnamed informer was "without sufficient reliable probable cause."

In response, the State asserts that the testimony of Officer Crawford clearly supports the reliability of the unnamed informant, thereby showing probable cause.

## DECISION

CONCLUSION—It is our opinion that probable cause did exist for Hughley's arrest, justifying both the warrantless arrest and the search incident thereto.

Hughley's warrantless arrest was legally sufficient if "the officers . . . had *reasonably trustworthy information* . . . sufficient to warrant a prudent man of reasonable caution in believing that the arrestee had committed or was committing an offense." *Smith* v. *State* (1971), 256 Ind. 603, 271 N.E.2d 133, at 136.

And such reasonably trustworthy information can be supplied by an informer. *McCray* v. *Illinois* (1967), 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62; *Bowles* v. *State* (1971), 256 Ind. 27, 267 N.E.2d 56, 58; *Johnson* v. *State* (1973), 157 Ind. App. 105, 299 N.E.2d 194, 197.

1. An issue as to competency of counsel was included in Hughley's Motion To Correct Errors, but is not argued . . . and is therefore waived. [Rule AP. 8.3(A)7; *Young* v. *State* (1971), 257 Ind. 173, 273 N.E.2d 285; *Maynard* v. *State* (1973), 157 Ind. App. 573, 301 N.E.2d 200].

Trustworthiness may be determined by reference to various factors. In *Johnson* we said:

> "Whether such information constitutes probable cause depends upon whether the probability of the accuracy of the tip is sufficiently high. This test can usually be met in one of two manners—the past reliability of the informant, or by reference to extrinsic facts to test the accuracy of the tip." *Johnson, supra,* at 197.
> *See also,*
> *McCray* v. *Illinois, supra; Bowles* v. *State, supra.*

By either alternative the accuracy and reliability of the informant was satisfied. There was testimony by Officer Crawford that the informant had been reliable in the past and extrinsic facts corroborated the informant's tip.

The decision of the trial court is affirmed.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 316 N.E.2d 586.