JOHN L. BUCKLEY, JR. *v*. STATE OF INDIANA.

[No. 2-1173A245. Filed January 30, 1975.]

*Kent O. Stewart,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—The Defendant-Appellant John L. Buckley, Jr. (Buckley) appeals the trial court judgment convicting him of theft under the Offenses Against Property Act,[1] unlawful use of credit card,[2] and uttering a forged instrument,[3] claiming insufficient evidence.

We affirm.

## FACTS

The facts most favorable to the State are:

On or about June 14, 1972, Gene McKeans, an employee of Zale's Jewelers at Lafayette Square in Indianapolis, Indiana, encountered Buckley in the Zale store and assisted him in the purchase of an eight-track tape deck.

After some preliminary discussion about the price and the manufacturer of the tape deck, McKeans turned Buckley over to another store clerk, Jerrie Cox (Cox), to consummate the purchase.

She testified that after McKeans referred Buckley to her to complete the transaction of the eight-track tape deck, she filled out a Master Charge sales invoice in the amount of $34.95 (the price of the tape deck), dated the invoice and signed her initials to the invoice. Then Buckley presented her a Master Charge credit card which was owned by John B. Phipps. After checking the credit card with a Master Charge book, she put the credit card and the sales invoice into the imprint machine and registered the purchase. Although she

1. IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns Supp. 1974).
2. IC 1971, 35-18-15.1-4, Ind. Ann. Stat. § 10-2136 (Burns Supp. 1974).
3. IC 1971, 35-1-124-1, Ind. Ann. Stat. § 10-2102 (Burns Supp. 1974).

stated that she did not not personally see Buckley sign the completed invoice, it was unsigned when she handed it to him and was signed in the name of John B. Phipps when he returned it to her. She then gave Buckley the customer's receipt and the tape deck and he left the store.

At trial Cox positively identified the credit card and the original sales invoice as the ones used on the day of the purchase.

Cox could not identify Buckley as the black male customer turned over to her by McKeans. However, McKeans did identify Buckley as the person who purchased the tape deck by pointing him out in court. He also testified that the purchase was made by Buckley with a Master Charge card.

John B. Phipps, the owner of the Master Charge credit card used for the purchase of the tape deck, testified that his credit card had been stolen and that it was not his signature on either the credit card or the sales invoice. Phipps also stated that he did not know Buckley and did not give him permission to use his credit card.

Buckley denied ever being at the Zale's store in Lafayette Square.

Buckley was charged by affidavits and convicted by the trial court of the three charges and sentenced to concurrent sentences of one to five years for theft (OAPA), one year for Unlawful Use of Credit Card, and a two to fourteen suspended sentence for Uttering a Forged Instrument.

## ISSUE

A single issue is preserved:[4]

> Was there sufficient evidence to support Buckley's conviction for theft, unlawful use of a credit card, and uttering the forged instrument?

4. Buckley's Motion to Correct Errors does not include any other issue than the sufficiency of the evidence, and any other issues are therefore waived. TR. 59(G) and CR. 16. *Certain* v. *State* (1973), 261 Ind. 101, 300 N.E.2d 345; *Bennett* v. *State* (1973), 159 Ind. App. 59, 304 N.E.2d 827; *Pinkerton* v. *State* (1972), 258 Ind. 610, 283 N.E.2d 376; *Bonds* v. *State* (1972), 258 Ind. 241, 280 N.E.2d 313; *Hardin* v. *State* (1972), 153 Ind. App. 317, 287 N.E.2d 359.

Buckley claims that there was not sufficient evidence to show he was the same person who purchased an eight-track tape deck with a Master Charge credit card belonging to John B. Phipps.

The State argues that the testimony by Cox that she completed a Master Charge credit sale of an eight-track tape deck to the customer referred to her by McKeans and identified by McKeans as Buckley is sufficient evidence to support the conviction.

## DECISION

*CONCLUSION*—It is our opinion that Buckley's conviction of each of the three crimes with which he was charged is supported by sufficient evidence.

There was sufficient substantial evidence of probative value to sustain the judgment convicting Buckley of theft (OAPA), Unlawful Use of Credit Card, and Uttering A Forged Instrument.

The offense of theft under the Offenses Against Property Act (OAPA) consists of:

"(1) knowingly: (a) obtains or exerts unauthorized control over property of the owner; and (2) (a) intends to deprive the owner of the use or benefit of the property. . . ." IC 1971, 35-17-5-3, Ind. Ann. Stat., § 10-3030 (Burns Supp. 1974).

The evidence is sufficient to support Buckley's theft conviction under (1) (a) and (2) (a) of IC 1971, 35-17-5-3, *supra.*

Phipps testified that his Master Charge credit card had been stolen, that he did not know Buckley, and that he neither authorized nor permitted Buckley to use his credit card in any manner. By possessing Phipps' credit card knowing it was not his own, Buckley exerted unauthorized control over it, intending to deprive Phipps of its benefit, thereby committing theft of the credit card under IC 1971, 35-17-5-3 (*1*) (*a*) and (*2*) (*a*), *supra.*

Buckley also was charged with the Unlawful Use of a Credit Card in violation of IC 1971, 35-18-15.1-4, Ind. Ann. Stat., § 10-2136 (Burns Supp. 1974), which reads in pertinent parts:

*"A person,* who, *with intent to defraud the* issuer, a person or *organization providing* money, *goods,* services or anything else of value, . . . [and] (ii) *obtains* money, *goods,* services or anything else of value *by representing without the consent of the card holder that he is the holder of the specified card. . . ."* (Emphasis supplied.)

Buckley, with intent to defraud Zale, obtained a $34.95 tape deck from Zale by representing that he was the holder of Phipps' credit card without obtaining the consent of Phipps.

The third charge for which Buckley was convicted was Uttering a Forged Instrument in violation of IC 1971, 35-1-124-1, Ind. Ann. Stat., § 10-2102 (Burns Supp. 1974). All that need be proved under this statute is that the instrument was uttered with intent to defraud knowing it to be false. *Gennaitte* v. *State* (1963), 243 Ind. 532, 188 N.E.2d 412.

" 'Uttering is the offering of a forged instrument, knowing it to be such, with a representation that it is genuine, and with an intent to defraud. It is not essential that the accused should have been implicated in the forgery, that the instrument be accepted as genuine, or that anyone be actually prejudiced by it.' 37 C.J.S. *Forgery,* § 37, p. 57." *Beck* v. *State* (1958), 238 Ind. 210, 213, 149 N.E.2d 695, 697; *Gennaitte* v. *State, supra; Graham* v. *State* (1970), 255 Ind. 237, 263 N.E.2d 521.

There is evidence indicating that Buckley offered the Master Charge card sales invoices (after signing it in the name of John Phipps), knowing it to be forged and represented it to be genuine with intent to defraud Zale.

Buckley's conduct was such that his acts at different stages of his course of conduct, constituted three separate and distinct criminal offenses,[5] each one of which offenses has differ-

---

5. Not to be confused with acts by an accused which violate several criminal statutory offenses having the same essential elements [*Languell* v. *State* (1971), 256 Ind. 157, 267 N.E.2d 379; *Taylor* v. *State* (1968), 251 Ind. 236, 236 N.E.2d 825; *Durrett* v. *State* (1966), 247 Ind. 692, 219

ent elements.[6]

There was sufficient substantial evidence of probative value of each element of each offense, none of which were necessarily lesser included offenses of the other, to support the judgment of the trial court.

The judgment of the trial court is affirmed.

Sullivan, P.J. concurs in result only; White, J. concurs.

N.E.2d 814; *Kokenes* v. *State* (1938), 213 Ind. 476, 13 N.E.2d 524] or acts which constitute an essential element(s) of a greater crime [*Johnson* v. *State* (1974), 262 Ind. 164, 313 N.E.2d 535; *Thompson* v. *State* (1972), 259 Ind. 587, 290 N.E.2d 724; *Havener* v. *State* (1955), 234 Ind. 148, 125 N.E.2d 25; *Carter* v. *State* (1951), 229 Ind. 205, 96 N.E.2d 273].

6. *Blockburger* v. *United States* (1931), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, enunciates the test to be applied where a defendant's single act or course of conduct contravened two or more different statutory provisions. The U. S. Supreme Court said:

"Each of the offenses created requires proof of a different element. The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." 52 S.Ct. at 182.

*See also,*

*United States* v. *Ewell* (1966), 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed. 627; *Gore* v. *United States* (1958), 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405; *Bell* v. *United States* (1955), 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905; *Gavieres* v. *United States* (1900), 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489; Hall, Kamisar, LaFave, Israel, MODERN CRIMINAL PROCEDURE, Ch. 14, p. 744-45 (3rd Ed. 1969).

Indiana has followed essentially the same rule in determining whether a defendant has suffered double jeopardy . . . by being tried twice for the same crime or being charged twice for the same act:

"The test to be applied on the issue of former jeopardy is whether the second charge [in the same or subsequent affidavit] is for the same identical crime as that charged by a prior affidavit [or a prior charge in the same affidavit] . . . upon which a defendant has been placed in jeopardy. As stated in *Foran* v. *State, supra,* in applying the 'identity of offense' test, the test is whether, if what is set out in the second indictment [or a second charge in the same indictment] had been proved under the first, there could have been a conviction. In other words, would the same evidence be necessary to secure a conviction [of a second or subsequent charges in an indictment or affidavit]. . . ." *Ford* v. *State* (1951), 229 Ind. 516, 521, 98 N.E.2d 655, 657.

*See also,*

*Dunkle* v. *State* (1961), 241 Ind. 548, 173 N.E.2d 657; *Steffler* v. *State* (1952), 230 Ind. 557, 104 N.E.2d 729; *Carter* v. *State* (1950), 229 Ind. 205, 96 N.E.2d 273; *Kokenes* v. *State* (1938), 213 Ind. 476, 13 N.E.2d 524; *Durke* v. *State* (1932), 204 Ind. 370, 183 N.E. 97; *Miller* v. *State* (1904), 33 Ind. App. 509, 71 N.E. 248; *State* v. *Gapen* (1896), 17 Ind. App. 524, 45 N.E. 678.