NOTE.—Reported at 330 N.E.2d 367.

WILLIAM O'HARA *v.* STATE OF INDIANA.

[No. 2-374A74. Filed July 9, 1975.]

*Stephen M. Selimer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

PER CURIAM—Defendant-appellant O'Hara appeals his conviction of Second Degree Burglary,[1] claiming that it was not

---

1. IC 1971, 35-13-4-4(b), Ind.Ann.Stat. § 10-701(b) (Burns 1956).

supported by sufficient evidence and that certain evidence was improperly admitted.

We affirm.

The constraints upon this Court's review of the sufficiency of evidence are summarized by the following passage from *Napier* v. *State* (1973), 260 Ind. 614, 298 N.E.2d 427, 427-428:

"When the sufficiency of evidence is raised on appeal, this Court will neither weigh the evidence nor resolve questions concerning the credibility of witnesses. Only that evidence most favorable to the State will be considered together with all reasonable inferences to be drawn therefrom, and if, from that viewpoint, there is substantial evidence of probative value to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed."

The facts most favorable to the State are as follows:

The Allright parking garage was routinely checked at 8:00 P.M. on March 9, 1973 by Officer Hunt of the Indianapolis Police Department and he found the lights on and the vending machines intact. Officer Hunt returned to the garage at 9:25 p.m. and observed that the front door had been forced open. The lights were off and one or more of the vending machines had been broken into. Several people reported that they had seen O'Hara inside the garage after it had closed and one witness stated that he had observed O'Hara exiting from the parking garage through a fire exit. O'Hara was arrested at the scene shortly thereafter, at which time he was searched and found to be in possession of a pair of wire-cutters, a screwdriver, and $14.15 in small change.

O'Hara was convicted of Second Degree Burglary, the elements of which are: "(1) breaking (2) and entering (3) into a building other than a dwelling house or place of human habitation (4) with the intent to commit a felony therein." *Apple* v. *State* (1973), 158 Ind. App. 663, 304 N.E.2d 321, 326. These elements may be

proven by circumstantial evidence alone. *Wright* v. *State* (1974), 161 Ind. App. 317, 316 N.E.2d 385.

O'Hara attacks his conviction on the ground that it was not supported by sufficient evidence. The evidence outlined above was, however, sufficient upon which the trial court could have found that each material element was established beyond a reasonable doubt. O'Hara was seen inside the parking garage after it had closed and the front door had been forced open. These facts and reasonable inferences therefrom support a finding that O'Hara broke and entered the parking garage. Similarly, the requisite intent to commit a felony therein may be inferred from the facts that the vending machines had been broken into, that O'Hara had wirecutters and a screwdriver in his possession shortly thereafter, and that O'Hara was in possession of $14.15 in small change, of the type that would be found in vending machines. Felonious intent at the time of entry may be inferred from criminal acts committed after entry. *Farno* v. *State* (1974), 159 Ind. App. 627, 308 N.E.2d 724.

O'Hara additionally contends that his arrest was improper and that the evidence obtained as a result of the search incident to that arrest was therefore improperly allowed into evidence. O'Hara argues that the arrest was improper in that the arresting officer did not have an arrest warrant and did not have probable cause to make the arrest. The State acknowledges that Officer Hunt did not have an arrest warrant, but contends that he did have probable cause to make the arrest.

A police officer is authorized to make a warrantless arrest provided that he have probable cause to believe that a felony has been committed and that the person to be arrested has committed it. *Capps* v. *State* (1967), 248 Ind. 472, 229 N.E.2d 794; *Thurman* v. *State* (1974), 162 Ind. App. 267, 319 N.E.2d 151. The frequently cited test for determining whether an officer had probable cause to make an arrest was stated in *Smith* v. *State* (1971), 256 Ind. 603, 607, 271 N.E.2d 133, 136, as follows:

"The test for probable cause to make an arrest is whether at the time of the arrest the facts and circumstances within the knowledge of the officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man of reasonable caution in believing that the arrestee had committed or was committing an offense."

See also: *Salter* v. *State* (1975), 163 Ind. App. 35, 321 N.E.2d 760; *Hughley* v. *State* (1974), 161 Ind. App. 583, 316 N.E.2d 586; *Taylor* v. *State* (1974), 160 Ind. App. 561, 313 N.E.2d 92. The evidence known by the police officer need not be sufficient to establish guilt in order to support probable cause for an arrest. *Henry* v. *United States* (1959), 361 U.S. 98; *Capps* v. *State, supra; Thurman* v. *State, supra.* Further, the police officer may base his belief that there is probable cause to arrest a person on information received from another. *Capps* v. *State, supra.*

We conclude that Officer Hunt had knowledge of sufficient reliable information at the time of the arrest as to have probable cause to make the arrest. Officer Hunt had personally observed that the front door had been forced open and that the inside lights had been switched off and one or more of the vending machines broken into. He therefore had probable cause to believe that a felony had been committed. In addition, Officer Hunt had received information from the proprietor and an employee of the Allright parking garage identifying O'Hara, a former employee at the garage, as having been observed inside the garage after closing. A third witness had told Officer Hunt that he saw a man exit from the garage through a fire exit and this witness spontaneously identified O'Hara at the scene. This evidence was sufficient to instill Officer Hunt with probable cause to believe that O'Hara had committed the burglary of the Allright parking garage. Compare *Cosby* v. *State* (1971), 256 Ind. 157, 267 N.E.2d 379.

Since the arrest of O'Hara was valid, the incident search

was proper and the evidence found thereby was admissible at trial. *Taylor* v. *State, supra; Bryant* v. *State* (1973), 157 Ind. App. 198, 299 N.E.2d 200.

Having found no reversible error, we affirm.

NOTE.—Reported at 330 N.E.2d 396.