Kenneth BRITT, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–1278A335.

Court of Appeals of Indiana,
Third District.

Oct. 24, 1979.

Harriette Bailey Conn, Public Defender, Susan K. Carpenter, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Kenneth Britt was found guilty of first degree burglary. In his appeal to this Court, Britt contends that the trial court erred in denying his motion to suppress certain evidence and that the verdict was not supported by sufficient evidence.

We affirm.

## I.

### Motion to Suppress

On the evening of March 12, 1975, Ralph and Estalee Stetler received a telephone call from an unidentified person informing them that Britt was threatening them and that he was on his way to their house with a gun. Britt had formerly been married to the Stetlers' daughter. After receiving the call, the Stetlers locked the doors and left the house. When they returned later that night, Ralph Stetler entered the house through the back door. As he proceeded through the darkened house he was confronted by Britt, who was holding a shotgun. Britt had gained access to the house by breaking a pane of glass in the back door and had cut himself in doing so. A struggle ensued during which the shotgun was fired. Britt then departed.

The Stetlers contacted the police and explained what had happened. The police were unable to locate Britt in the vicinity of the Stetler residence, so they proceeded to Britt's house. When they arrived at Britt's house, they observed fresh blood on the door. They knocked on the door, announced themselves as police officers and entered the house. They found Britt in bed fully clothed and placed him under arrest. At the head of the bed, the police observed a shotgun. At trial, Britt objected to the admission of the shotgun contending that it had been obtained in an unlawful search and seizure.

The precise issues before us are: (1) whether police officers may, without consent, enter a suspect's house to make a warrantless arrest; (2) if so, under what circumstances; and (3) whether those circumstances existed in the case at bar. We conclude that the police may make such entries under certain circumstances and that those circumstances existed in the case at bar.

In seeking the proper resolution of these issues, we draw upon two important considerations. First, an arrest is not illegal merely because it was effected in the suspect's home. The authority of the police to enter a suspect's home for the purpose of making an arrest with an arrest warrant has been well-recognized in this state. IC 1971, 35–1–19–6, Ind.Ann.Stat. § 9–1009 (Burns Code Ed.), provides:

"To make an arrest in criminal actions the officer may break open any outer or inner door or window of a dwelling house or any other building or inclosure to execute the warrant, if, after notice of his authority and purpose, he be refused admittance."

Second, it is not always necessary to procure an arrest warrant prior to making an arrest. *Hadley v. State* (1968), 251 Ind. 24, 238 N.E.2d 888. Although an arrest warrant should be obtained whenever practicable, *Bryant v. State* (1973), 157 Ind.App. 198, 299 N.E.2d 200, an exception to the warrant requirement arises when a police officer has probable cause to arrest a suspect but exigent circumstances make the procurement of an arrest warrant impracticable.[1] *Banks v. State* (1976), 265 Ind. 71, 351 N.E.2d 4.

A police officer may enter the suspect's home to make a warrantless arrest if the officer complies with the provisions of IC 35–1–19–6. In other words, a police officer may, after "knocking and announcing,"[2] enter a suspect's home to make a warrantless arrest when he has probable cause to arrest the suspect and exigent circumstances make it impracticable to obtain a warrant.

Probable cause to arrest exists where the facts and circumstances within the arresting officer's knowledge or of which he had reasonably trustworthy information would lead a reasonably prudent man to believe that the arrestee had committed or was committing an offense. *Francis v. State* (1974), 161 Ind.App. 371, 316 N.E.2d 416. Britt concedes that the police had probable cause to arrest him. In addition, the record discloses that the arresting officers did "knock and announce" prior to entering Britt's home.

Britt argues that there were no exigent circumstances which would make the procurement of a warrant impracticable. We disagree. There was "bad blood" between Britt and Mrs. Stetler after Britt was divorced from her daughter. On March 12, 1975 Mrs. Stetler received a phone call warning her that Britt was coming to her home with a gun. Mrs. Stetler testified that she had helped her daughter during the marital difficulties between Britt and her daughter and that Britt held this against her.

Britt did not surrender the shotgun to Mr. Stetler during or after the struggle in the Stetler home. There was no indication from Britt's actions or statements that he intended to abandon further use of the shotgun. There was Mrs. Stetler's testimony that he walked slowly down the street while she sat in the car, but this does not establish abandonment of using the shotgun on Mrs. Stetler since it was not established by the evidence that Britt saw her sitting in the car or recognized her presence.

The police were confronted with a man who was walking the streets of the community with a loaded shotgun and had made an unlawful entry at Stetler's home. A man who was bitter and was seeking to vent his vengeance with a shotgun. Britt's future actions with the shotgun could not be predicted by the police.

When the police arrived at Britt's home twenty minutes after the scuffle between Britt and Mr. Stetler, they found blood on the door. Britt had cut himself on glass while gaining entry to the Stetler home.

---

1. If the offense is a misdemeanor, however, a warrantless arrest can be made only if the offense was committed in the presence of the police. *Works v. State* (1977), Ind., 362 N.E.2d 144.

2. Even the statutory "knock and announce" may be omitted in certain circumstances. *See Johnson v. State* (1973), 157 Ind.App. 105, 299 N.E.2d 194.

Fresh blood on the door was a clear indication that Britt might be inside the house. Further delay in entering the house could have resulted in a possible shooting confrontation with the police when Britt awakened. Furthermore, the police had to know if Britt was in the house if they were going to neutralize any further danger to Mrs. Stetler or to the community. The police testified that it would have taken several hours to obtain a warrant. Under the circumstances which confronted the police, a several hour wait was impractical. There is ample evidence of exigent circumstances to justify the entry of the police to make the arrest. *Greer v. State* (1970), 253 Ind. 609, 255 N.E.2d 919; *Hadley, supra.* However, this Court is mindful of the apparently unsettled question of whether exigent circumstances are absolutely necessary before an arrest may be made in a private place such as defendant's home. In *McCulley v. State* (1971), 257 Ind. 135, 272 N.E.2d 613, our Indiana Supreme Court stated: "[W]e do not here attempt to determine whether probable cause, in the absence of exigent circumstances, is alone constitutionally sufficient to support a warrantless arrest for a felony. . . ." *McCulley v. State, supra*, at 616. But, nine months earlier in *Stuck v. State* (1970), 255 Ind. 350, 264 N.E.2d 611 our Indiana Supreme Court stated that: "The existence of probable cause coupled with exigent circumstances gives rise to the exception." *Stuck v. State, supra*, at 614. (*Also see: Payne v. State* (1976), Ind.App., 343 N.E.2d 325; *Banks v. State* (1976), 265 Ind. 71, 351 N.E.2d 4, *cert. denied* (1977), 429 U.S. 1077, 97 S.Ct. 821, 50 L.Ed.2d 797; and, *Pawloski v. State* (1978), Ind., 380 N.E.2d 1230.)

Because the arrest was lawful, the subsequent seizure of the shotgun discovered in plain view while the arrest was being effected was also legal. *Grzesiowski v. State* (1976), Ind.App., 343 N.E.2d 305. The motion to suppress was properly denied.

## II.

### Sufficiency of the Evidence

Britt was convicted of burglary in the first degree. IC 1971, 35–13–4–4, Ind.Ann. Stat. § 10–701 (Burns Code Ed.), under which Britt was charged, reads in pertinent part as follows:

"Burglary—Degrees.—(a) Whoever breaks and enters into any dwelling house or other place of human habitation with the intent to commit any felony therein, or to do any act of violence or injury to any human being, shall be guilty of burglary in the first degree, and on conviction thereof shall be imprisoned not less than ten [10] years nor more than twenty [20] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

Britt was charged with entering the Stetler residence "to do an act of violence or injury to Estalee Stetler." He argues that the evidence did not sufficiently show that intent.

■ When reviewing the sufficiency of the evidence, we will neither weigh the evidence nor determine the credibility of witnesses. *Jones v. State* (1978), Ind., 377 N.E.2d 1349. Rather, we will look only at the evidence most favorable to the State and the reasonable inferences which flow therefrom. The judgment will not be disturbed if, from that point of view, there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt. *Schilling v. State* (1978), Ind., 376 N.E.2d 1142.

■ The record discloses a strained relationship between Britt and Estalee Stetler. The record further discloses that Britt broke into the Stetler residence and was found in the darkened house with a loaded shotgun. These facts sufficiently establish the inference that Britt had entered the house with the intent to do an act of violence or injury to Estalee Stetler.

The conviction is affirmed.

HOFFMAN, J., concurs.

GARRARD, P. J., concurs in result with opinion.

GARRARD, Presiding Judge, concurring in result.

When an arrest is made upon probable cause and in a public place, federal constitutional law does not impose an "exigent circumstances" requirement concerning the securing of a warrant.

However, the court has recognized the potential existence of an issue where such an arrest is made upon private property.

Appellant's argument does not urge the public versus private distinction, and as the majority points out, it appears that exigent circumstances, in fact, did exist.

I therefore concur in result without reaching the question of when or whether Indiana imposes an exigent circumstances requirement to justify a warrantless arrest based upon probable cause.