Kevin JOHNSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8601–PC–36.

Supreme Court of Indiana.

July 16, 1987.

Susan K. Carpenter, Public Defender, Carolyn J. Fitch, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Attorney General, Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is an appeal from the denial of a post-conviction relief petition. At his original trial, appellant was found guilty of Murder, Murder in the Commission of a Felony, Commission of a Felony While Armed and Conspiracy to Commit a Felony. The trial judge combined the two murder convictions and imposed one life sentence. He imposed no sentence on the commission of a felony while armed count and imposed a two (2) to fourteen (14) year sentence on the count of conspiracy to commit a felony. Appellant's original conviction was affirmed by this Court. *Johnson v. State* (1980), 27? Ind. 427, 399 N.E.2d 360.

In this appeal, appellant first claims he was denied his right to effective assistance of trial counsel. Appellant makes general allegations that his counsel failed to conduct an adequate investigation, including the fact that counsel did not locate and call as a witness one of the coconspirators, Frank Nalls.

The trial judge, at the close of the post-conviction hearing, made findings of fact, including a finding that Robert Alden, appellant's trial counsel, had been an attorney since 1972 and had tried fifteen to twenty

jury trials. The judge also found that in preparation for trial, Alden consulted with appellant at the Marion County Jail on ten to fifteen occasions, received and reviewed witness' statements, including two given by Nalls, and interviewed police officers, other witnesses and codefendants Darryl McNeal and Anthony Grigsby. Alden unsuccessfully attempted to locate Robert Miller, a purported alibi witness, Dudley Johnson and Nalls.

Appellant further claims his trial counsel was ineffective because he failed to preserve a record of systematic exclusion of black persons from jury duty and from appellant's jury in particular. He points out that the State had removed four black persons from the jury with peremptory challenges and that the jury who heard the case was all white. However, the post-conviction court found that trial counsel did not request an instruction on racial bias because he had not observed racial bias in previous all white juries. In addition, he had no basis to object to the State's peremptory challenges of prospective black jurors.

Appellant claims his trial counsel did not adequately object to the introduction of evidence which appellant considers to have been inadmissible. Appellant claims counsel should have objected to the seizure of his clothing at his residence when he was arrested; however, at the original trial his clothing was not admitted into evidence. He also claims that his attorney did not object strenuously to State's Exhibits Nos. 22 and 24, the same being a bullet taken from the body of the decedent and bullets fired by the police from the murder weapon for comparison purposes. Appellant's counsel did object to these exhibits on the basis of insufficient chain of custody.

■ This matter was discussed in the original appeal by this Court and it was specifically held that "[a] sufficient chain of custody was thus established." *Id* at 435, 399 N.E.2d at 364. In order to show that his counsel inadequately represented him, appellant had the burden to show that counsel's failure to object would have resulted in a sustained objection if it had

been made. *Kimble v. State* (1983), Ind., 451 N.E.2d 302. There is nothing in the record before us to indicate that appellant's counsel would have been successful in any of the objections appellant now claims he should have made. This record supports the finding of the post-conviction judge that appellant received adequate representation of counsel. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

Appellant claims his conviction should be set aside because he was arrested, and clothing was seized from his home, by police acting without a warrant. The post-conviction judge found that the police officers acted upon fresh information that appellant had participated in the murder and was about to leave town. They received this information at 10:10 p.m. on August 18, 1977. They went to appellant's home where they effected an arrest at 4:30 a.m. on August 19, 1977. The court took judicial notice that there were no judges available to sign warrants between 10:10 p.m. and 4:30 a.m.

■ It is apparent from the evidence in this case that the police officers had probable cause to effect an arrest of appellant, and that exigent circumstances existed obviating any necessity for a writ. This was an issue which could have been raised on direct appeal but which was not. Thus it will not be considered in a post-conviction proceeding. *Gee v. State* (1984), Ind., 471 N.E.2d 1115. We would point out that appellant's trial counsel was not the counsel that represented him on his original appeal. There is no charge in this appeal that the prior appellate counsel was incompetent.

■ Appellant claims his conviction should be overturned because of prosecutorial misconduct allegedly occurring in the introduction of State's Exhibits Nos. 22 and 24. During the introduction of these exhibits, one of the police officers became confused as to which bullet was removed from the body of the decedent and which bullets were test-fired bullets; however, the confusion was later corrected by that officer. Appellant now claims that this confusion

was so misleading to the jury that it rose to the level of prosecutorial misconduct. We see no merit to this argument whatever.

■ Appellant claims his conviction on all four charges violates his right against double jeopardy. As pointed out above, although the jury did find appellant guilty on all four counts, the trial court properly joined the first two murder counts and imposed a single life sentence. The trial judge specifically omitted Count III from the sentencing and correctly imposed a sentence of two (2) to fourteen (14) years on the conspiracy count. Appellant was properly sentenced in this cause.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DICKSON, J., concurs in result.

DeBRULER, J., concurs in result with separate opinion in which DICKSON, J., concurs.

DeBRULER, Justice, concurring in result.

Since the question of the legality of appellant's arrest and the seizure of his clothing was available upon direct appeal, through trial counsel's objection and the ruling of the court thereon, I concur in the majority position that the question will not be considered in a post-conviction action.

However, the majority does briefly address the merits of appellant's claim and states "[i]t is apparent from the evidence in this case that the police officers had probable cause to effect an arrest of appellant, and that exigent circumstances existed obviating any necessity for a writ". It is elementary that a showing of exigent circumstances in addition to probable cause is necessary for a warrantless in-home arrest of a suspect. *Banks v. State* (1976), 265 Ind. 71, 351 N.E.2d 4; *Stuck v. State* (1970), 255 Ind. 350, 264 N.E.2d 611; *Mowrer v. State* (1983), Ind.App., 447 N.E.2d 1129; *Harrison v. State* (1981), Ind.App., 424 N.E.2d 1065; *Britt v. State* (1979), 182 Ind.App., 546, 395 N.E.2d 859. There was no showing of exigent circumstances in this case.

The murder occurred on August 15, 1977. The officers learned of appellant's apparent involvement at 10:10 p.m. on August 18, 1977, and arrested him in his home at 4:30 a.m. the next morning, without a warrant. No testimony was presented to indicate the police could not have kept the house under surveillance until an arrest warrant could be obtained or that other exigent circumstances existed permitting arrest without a warrant. Appellant was 17 years old, living with foster parents and had no money or transportation. The officers waited six hours after learning of appellant's involvement and the fact that no judge was available between 10:10 p.m. and 4:30 a.m. is not sufficient to qualify as an exigent circumstance. The exception to the warrant requirement cannot be supported by a simple statement that appellant might leave town. Surveillance would eliminate this risk until an arrest warrant could be obtained.

This argument was available on direct appeal and is consequently waived by the failure to raise the issue. Further, an unlawful or invalid arrest is not a defense to being convicted of the offense charged. *Denson v. State* (1975), 263 Ind. 315, 330 N.E.2d 734; *Martin v. State* (1978), 176 Ind.App. 99, 374 N.E.2d 543. The clothing taken at the time of the arrest was not admitted into evidence and error at trial by reference to that clothing was waived when not raised on direct appeal.

DICKSON, J., concurs.