GARRY TYROME SEAY *v.* STATE OF INDIANA.

[No. 1-277A37. Filed June 16, 1977. Rehearing denied July 14, 1977. Transfer denied November 7, 1977.]

*John D. Clouse,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Alembert W. Brayton,* Deputy Attorney General, for appellee.

ROBERTSON, C.J.—The defendant-appellant, Gary Tyrome Seay, appeals his conviction for two counts of assault and battery with intent to kill[1] for which he received two concurrent sentences of not less than two (2) nor more than fourteen (14) years.

This appeal results from Seay's conviction upon retrial following our reversal of his original conviction for the same offense. *Seay* v. *State* (1975), 167 Ind. App. 22, 337 N.E.2d 489, *reh. denied,* 340 N.E.2d 369. The facts surrounding Seay's initial trial and conviction are set forth in our prior opinion. *See: Seay* v. *State, supra.*

---

1. IC 1971, 35-13-2-1 (Burns Code Ed.).

The facts and proceedings pertinent to this second appeal are as follows:

On March 24, 1976, the State filed an information charging Seay with two counts of assault and battery with intent to kill. The information further alleged that the crimes occurred on May 3, 1974, at which time Seay was seventeen (17) years old. Seay was initially charged in the Juvenile Division of the Vanderburgh Superior Court. However, the State, on March 24, 1976, filed a motion for waiver of jurisdiction, and following a hearing on the motion, the Juvenile Court waived jurisdiction and ordered Seay to be tried as an adult offender in the Vanderburgh Superior Court.

Trial by jury commenced on Septeber 20, 1976, and the jury returned verdicts of guilty on the following day. The trial court entered judgment accordingly, and Seay brings this appeal.[2]

Seay presents the following four issues for our review:

(1) Whether the trial court erred in overruling Seay's motion to dismiss which was based upon double jeopardy?

(2) Whether the trial court erred in admitting into evidence a statement made by Seay to a law enforcement official?

(3) Whether the trial court erred in admitting into evidence testimony which allegedly was a by-product of Seay's suppressed confession?

(4) Whether the trial court erred in giving and refusing to give certain instructions to the jury?

We affirm.

Seay first contends that the trial court erred in overruling his motion to dismiss the information. Under this assignment of error, Seay argues, relying upon *Breed* v. *Jones* (1975), 421

---

2. The evidence adduced at Seay's retrial did not differ significantly from that presented at the original trial. Therefore, we deem it unnecessary to set out the factual evidence since it appears in our former opinion. *Seay* v. *State, supra.*

U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346, that he was subjected to double jeopardy because the juvenle court waiver hearing constituted an adjudicatory hearing at which jeopardy attached.

The argument advanced by Seay has been thoroughly explored and refuted by both this Court and our Supreme Court. *Walker* v. *State* (1976), 265 Ind. 8, 349 N.E.2d 161; *Hunter* v. *State* (1977), 172 Ind. App. 397, 360 N.E.2d 588; *Seay* v. *State* (1976), 167 Ind. App. 40, 340 N.E.2d 369. Therefore, we feel no need to expand upon what has already been said. The holdings of *Seay, supra,* and *Walker, supra,* require us to find that Seay was not subjected to double jeopardy. Thus, the trial court did not err in overruling Seay's motion to dismiss.

Seay next argues that the trial court erred in admitting, over objection, testimony concerning a statement made by him while in custody. Seay maintains that his statement was inadmissible because (1) the statement resulted from custodial interrogation; (2) he was not advised of his *Miranda* rights before making the statement; and (3) his attorney was not present at the time the statement was made.

The record indicates that Seay was being transported from one part of the Vanderburgh County Jail to another when he turned and pointed at one of the escorting guards and said "I've already shot two of you white honkies in the head and I'm going to get you when I get out on the street." Contrary to Seay's contentions, this statement was not made in response to a custodial interrogation.

Seay correctly states that *Miranda* v. *Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, requires the giving of certain warnings prior to the initiation of custodial interrogations, and that in the absence of such warnings, statements or confessions made in response to custodial interrogations are inadmissible. However, if a defendant freely, voluntarily, and spontaneously offers

statements before an officer has an opportunity to give appropriate warnings, the statements are admissible. *Riddle* v. *State* (1976), 264 Ind. 587, 348 N.E.2d 635; *New* v. *State* (1970), 254 Ind. 307, 259 N.E.2d 696.

Although Seay was admittedly in custody when the statement was made, he was not being interrogated, and the admission was freely, voluntarily, and spontaneously given before warnings could be read. Thus, the statement was properly admitted into evidence.

Seay also claims that the trial court erred in admitting the rebuttal testimony of State's witness, Michael Scales.

Scales testified that he had a conversation with Seay on May 6, 1974, and that during the conversation Seay said, "I think I shot someone." Seay argues that his testimony was inadmissible as the "fruit of the poisonous tree" since the written confession in which Seay referred to the conversation with Scales was suppressed by the trial court.

We agree that Scales' testimony was not admissible as evidence of guilt of the crime charged. However, the testimony was not offered in the State's case-in-chief, but was given on rebuttal after Seay had testified and denied talking to Scales on May 6, 1974.

It is well settled that evidence, although illegally obtained and inadmissible to prove guilt, may be offered on rebuttal for impeachment purposes. *Harris* v. *New York* (1971), 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1; *Johnson* v. *State* (1976), 258 Ind. 683, 284 N.E.2d 517. The rebuttal testimony given by Michael Scales was therefore admissible to impeach Seay's testimony.

Seay finally contends that the trial court erred in refusing to give two of his tendered instructions and in giving a State's tendered instruction on transferred intent.

Seay tendered two instructions which were refused by the trial court. We have reviewed the refused instructions

as well as those actually given by the trial court and have concluded that the trial court did not err in refusing to read Seay's instructions. Seay's instructions were adequately covered by the instructions given by the trial court; thus, no error existed. *Williams* v. *State* (1976), 265 Ind. 190, 352 N.E.2d 733.

Seay also objected to the reading of the following instruction on transferred intent:

### STATE'S INSTRUCTION NO. 3

"You are instructed that when one intends to commit the crime of assault and battery against a certain person with a deadly weapon and by mistake or inadvertance assaults another person with such weapon, in the eyes of the law his intent is transferred from the person to whom it was directed to the person actually assaulted; and a person committing such an act is deemed guilty of the crime committed in like effect as. if he had originally intended to attack the person who was thus assaulted through mistake or inadvertance."

Seay does not claim that the instruction is erroneous, but argues that the evdence adduced at trial did not warrant the giving of this instruction.

Initially, we must find that Seay has waived this error because he has failed to cite any authority in support of his argument. Rule AP. 8.3(A)(7) ; *Hendrix* v. *State* (1974), 262 Ind. 309, 315 N.E.2d 701. Even if Seay had properly argued this issue, we would find no error. The jury could have inferred from the evidence adduced at trial that Seay intended to shoot the driver of the vehicle when he shot the passenger. The evidence was sufficient to justify the giving of the instruction on transferred intent.

Finding no reversible error, the judgment of the trial court must be affirmed.

Lowdermilk, J., concurs; Garrard, J. (participating by designation), concurs.

NOTE.—Reported at 363 N.E.2d 1063.