PATRICK M. DOLAN AND GREGORY S. COLTER *v.* STATE OF INDIANA

[No. 3-577A133. Filed October 24, 1978. Rehearing denied November 30, 1978. Transfer denied March 20, 1979.]

*Eugene N. Chipman, Chipman, Morrison & Humphrey*, of Plymouth, for appellant Dolan, *Kenneth M. McDermott*, of Plymouth, for appellant Colter.

*Theodore L. Sendak*, Attorney General of Indiana, *Daniel Lee Pflum*, Deputy Attorney General, for appellee.

## STATEMENT OF THE CASE

LOWDERMILK, J. — Defendants-appellants Patrick M. Dolan and Gregory S. Colter appeal from their convictions of forgery, uttering a forged instrument, attempting to obtain controlled substances by deception, and possession of a controlled substance.

## FACTS

On June 18, 1976 Dolan and Colter were approaching the order window at an A & W Root Beer stand in Plymouth, Indiana when they were stopped and questioned by Plymouth Police Officer Thomas Wilson. Prior to stopping Dolan and Colter, Wilson had received a report over his police radio that a young woman had been passing and attempting to pass forged prescriptions at drugstores in some of the small towns near Plymouth. The report stated that the woman had left those drugstores in a gray Pinto automobile which had a license number which began with 71 A, and the report also stated that other people were with her in the car.

Prior to spotting Dolan and Colter Officer Wilson received a report that a woman was attempting to pass a forged prescription at the Revco drugstore in Plymouth. While Wilson and his companion were driving toward the Revco drugstore they spotted a gray Pinto, which had a license number beginning with 71 A, parked at a laundromat which was located a short distance from the Revco drugstore.

The Pinto, which contained two men who were later identified as Dolan and Colter, was driven away from the laundromat and to a nearby A & W Root Beer stand. Wilson followed in his unmarked police car and, after Dolan and Colter had parked the Pinto, had gotten out of it, and had approached the order window at the A & W, Wilson pulled his police car behind the Pinto to block its exit, and he approached Dolan and Colter and asked them for identification. Colter had no identification, but Dolan produced a driver's license and a lease agreement to show that the gray Pinto was properly leased to him.

After searching Dolan and Colter for weapons, Wilson peeked through the closed window on the passenger side of the car and saw a macramé purse. Through the large holes in the purse Wilson could see an empty prescription pad, a syringe, some empty pill vials, and what appeared

to be a mascara container. Wilson also observed three empty beer bottles on the floor of the car.

Dolan and Colter were then arrested for public intoxication. Wilson asked Dolan and Colter if the purse belonged to either of them. When they responded in the negative, Wilson seized the purse, locked the doors of the car, and took Dolan and Colter to the police station. While Dolan and Colter were being apprehended another officer captured the young woman who attempted to pass the forged prescription at the Revco drugstore. Her name was Betty Bruington.

At the police station Officer Wilson searched the purse, inventoried its contents, and discovered from the identification contained therein that the purse belonged to Betty Bruington, the girl who had been apprehended while attempting to pass a forged prescription in the Revco drugstore shortly before Dolan and Colter were arrested. Based on the above information Wilson obtained a warrant to search Dolan's car. While searching the Pinto, Wilson seized a .25 caliber automatic pistol from the trunk and a vial of pills containing dexadrine from the glove compartment.

Dolan and Colter were both charged with, tried for, and convicted of the following offenses: forgery, uttering a forged instrument, attempting to obtain controlled substances by deception, and possession of controlled substances.

The issues which have been presented to this court on appeal are as follows:

1. Whether the trial court erred in overruling Dolan's and Colter's respective motions to suppress.

2. Whether the evidence was sufficient to support the convictions.

3. Whether the charges against Dolan should have been dismissed in that the affidavit upon which the information was based contained information which was not true.

4. Whether the trial court erred in giving to the jury the State's tendered Instructions Nos. 1 and 2.

5. Whether the trial court erred in permitting the State to amend

its list of witnesses and call a witness who was not listed on the original list and in denying Dolan's motion for a continuance.

6. Whether the trial court erred in restricting Dolan's cross-examination of one of the State's witnesses.

7. Whether the trial court erred in sentencing Dolan and Colter on all counts.

*Issue One*

Prior to trial both Dolan and Colter filed motions to suppress certain evidence which was obtained, they contend, from an illegal search. It is the defendants' contention that Officer Wilson illegally seized Bruington's purse from Dolan's rented automobile. Therefore, they contend that the subsequent inventory of the contents of the purse and the search warrant which was based in part upon the seizure of the purse and its contents were "fruits of the poisonous tree" which should have been excluded. We disagree.

Where a police officer has reason to believe that criminal activity has occurred or is likely to occur, he is justified in making an investigatory stop of any suspects and in conducting a limited search of the suspect's outer clothing for weapons. See *Terry v. Ohio* (1969), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 899, and *Bryant v. State* (1973), 157 Ind.App. 198, 299 N.E.2d 200. Officer Wilson rightfully conducted such a "stop and frisk" in the case at bar.

However, before Officer Wilson could legally arrest Dolan and Colter he had to have probable cause to do so. In our opinion Officer Wilson had probable cause to arrest Dolan and Colter as accessories to uttering a forged instrument, forgery, and attempting to obtain a controlled substance by deception, when, with his knowledge that Dolan's gray Pinto matched the description of the car and license number which the young woman, who had been passing forged prescriptions, was seen entering and with his knowledge that Dolan and Colter were sitting in a gray Pinto near the Revco drugstore where the young woman was attempting to pass another forged prescription, Wilson observed in plain view a woman's macramé purse which contained a blank prescription pad, empty pill vials, and a syringe.

Once Wilson had probable cause to arrest Dolan and Colter he could properly search the automobile which Dolan and Colter had exited immediately prior to Wilson's arrival and to which Dolan and Colter would have returned as soon as they had completed their business at the A & W Root Beer stand. An excellent discussion of the law of search and seizure as it pertains to the search of an automobile subsequent to a lawful arrest is given by Justice Hunter of our Supreme Court in *Paxton v. State* (1970), 255 Ind. 264, 263 N.E.2d 636, 639-641, as follows:

> "As a premise from which to begin, it would seem clear that the mere fact of an arrest, by itself, would not necessarily justify a warrantless search incidental thereto:
>
> > 'A search or seizure with a warrant as an incident to a lawful arrest has always been considered to be a strictly limited right. *It grows out of the inherent necessities of the situation at the time of the arrest.* But there must be something more in the way of necessity than merely a lawful arrest.' (our emphasis) *Trupiano v. United States* (1948), 334 U.S. 699, 708, 68 S.Ct. 1229, 1234, 92 L.Ed. 1663, 1671.
>
> Several recent United States Supreme Court cases culminating in *Chimel v. California* (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 have dealt with the permissible scope of a warrantless search incident to an arrest and the principles there enunciated are of interest here. *Chimel* involved the search of a residence without a warrant following the arrest of a suspect on a charge of burglarizing a coin shop. The Court's holding expressly utilized the reasoning of *Trupiano* by recognizing that the exigencies of the circumstances often required immediate action on the part of the arresting officer to prevent harm to himself or the destruction of evidence.
>
> * * *
>
> Clearly, the reasonableness of a warrantless search incident to an arrest in terms of both its initiation and scope must be determined from the inherent necessities of the circumstances surrounding the arrest.
>
> Although *Chimel* and those cases preceding it set out guidelines for the permissible scope of a search incident to an arrest, that scope is somewhat extended where the defendant is arrested while in an automobile. An extension of the permissible scope as defined

in *Chimel* may easily be rationalized in such a case on the basis that an additional element of necessity is interjected, namely the mobility of the automobile; given the automobile's mobility and the fact that its occupants are alerted, any seizable goods contained therein may never again be found. *Carroll v. United States* (1925), 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. Although *Carroll* is not a 'search incident to an arrest, case, it is pertinent to our analysis insofar as it recognizes an exception to the search warrant requirements of the Fourth Amendment, and where a search is sought to be made incident to an arrest in a situation with the added exigent circumstances of an automobile's mobility, the rationale of *Chimel* must be supplemented with that of *Carroll*.

\* \* \*

Thus, due to the exigent circumstances existing where one is arrested while in an automobile, it may be searched entirely without regard to the officer's safety or the possible destruction of evidence, *provided* there is probable cause to believe that seizable items are there contained." (Original emphasis)

In the case at bar Officer Wilson had probable cause to arrest Dolan and Colter as accessories to forgery, uttering a forged instrument, and attempting to obtain a controlled substance by deception. From his observations Wilson had reason to believe that the gray Pinto contained seizable evidence, and he properly seized the purse.

The fact that Dolan and Colter were not actually in the car when they were first stopped by Wilson is not controlling. They had exited the car immediately prior to being stopped by Wilson. In all likelihood they would have returned to the car immediately after they had conducted their business at the A & W Root Beer stand. The car, which reasonably contained evidence of crimes for which there was probable cause to arrest, was just as mobile as a car where the suspects were in the car when they were arrested but were removed so that a search could be conducted.

Dolan and Colter contend that no evidence was presented at trial which showed that they were or even appeared to be intoxicated. They contend that their arrest for public intoxication was an illegal sham. Therefore, the search of the Pinto was not subsequent to a *lawful* arrest, and the evidence seized in such a search should be suppressed.

We agree that no evidence was presented by either the appellant or the appellee which convinces us that Officer Wilson had probable cause to arrest Dolan and Colter for public intoxication. However, we do not agree that the evidence found in the subsequent search should be suppressed. In *Jenkins v. State* (1977), 172 Ind.App. 544, 361 N.E.2d 164, 167, this court stated:

> "Thus, the traditional question which arises when police officers effect an arrest without a warrant is whether the officers, at the time they acted, had probable cause to seize. If they did, then public policy in detecting and prosecuting criminal offenders outweighs the value of having the arresting officers choose and enunciate the correct legal theory for the arrest. *Smith v. State* (1971), 256 Ind. 603, 271 N.E.2d 133. Accordingly, a search made incident to an arrest will be upheld if the police had probable cause, in fact, to arrest the person searched. This is true even where the police announce as a reason for the arrest a charge upon which they lack probable cause. *Smith, supra; Paxton v. State* (1970), 255 Ind. 264, 263 N.E.2d 636; *Taylor v. State* (1974), 160 Ind.App. 561, 313 N.E.2d 92."

In light of the fact that the search and seizure of the car and the purse were made subsequent to an arrest which was based upon probable cause, we hold that the trial court did not err in overruling Dolan's and Colter's respective motions to suppress. In that we have held that Wilson had probable cause to believe that seizable evidence was contained in the Pinto, it was not necessary for him to obtain a warrant to search the vehicle. Therefore, we need not discuss the validity of the search warrant.

*Issue Two*

Dolan and Colter contend that the evidence presented at trial is not sufficient to support their convictions. We agree with Colter's contention, but we disagree with Dolan's.

On review this court cannot weigh the evidence nor judge the credibility of a witness, but can only view the evidence and the reasonable inferences therefrom in a light most favorable to the appellee. See *Zarnik v. State* (1977), 172 Ind.App. 593, 361 N.E.2d 202.

In the case at bar Dolan was arrested immediately after he had exited a gray Pinto which matched the description of the car which had been

transporting Betty Bruington that afternoon as she passed or attempted to pass forged prescriptions in at least three different towns. Betty Bruington's purse, containing a blank prescription pad, a syringe, and empty pill vials, was found on the floor of Dolan's leased car. There was evidence that Bruington was riding in a gray Pinto along with others. A vial of pills which Bruington had obtained by means of one of her false prescriptions was found in the glove compartment of Dolan's leased car. It was reasonable for the jury to conclude that Dolan, by driving Bruington from drugstore to drugstore in different towns, sufficiently encouraged, aided, and abetted Bruington that he could be considered an accessory to the crimes that were committed.

In that Dolan assisted Bruington in obtaining drugs by forgery and deception, and by uttering forged prescriptions, it is reasonable to infer that he knew of the presence of those drugs in the glove compartment of his leased automobile. Therefore, he had sufficient control over those drugs to support his conviction for possession.

Colter's situation is entirely another matter. There is absolutely no evidence which places him in the car with Dolan and Bruington when they stopped at the drugstores in the other towns near Plymouth. Unlike Dolan there is no evidence that Colter was ever in the gray Pinto at the same time as Bruington. There is absolutely no evidence which would connect Colter with the crimes that were committed. Mere suspicion that he was involved is not enough. Neither is it sufficient that Colter was with Dolan when Dolan was apprehended. There must be some evidence from which it could be reasonably inferred that Colter had knowledge of and participated in the commission of the crimes which were committed. See *Pack v. State* (1974), 162 Ind.App. 107, 317 N.E.2d 903. We find no such evidence in the case at bar. We, therefore, hold that the evidence is insufficient, as a matter of law, to support any of Colter's convictions. Therefore, it is not necessary for this court to address any of Colter's other allegations of error.

*Issue Three*

Dolan has waived this allegation of error by his failure to give this court any citations of authority to support his argument. See Ind. Rules

of Procedure, Appellate Rule 8.3 (A)(7) and *Seay v. State* (1977), 173 Ind.App. 348, 363 N.E.2d 1063.

*Issue Four*

Dolan contends that the trial court erred in giving to the jury the State's tendered Instructions Nos. 1 and 2 which stated that a person who aided and abetted in the commission of a crime may be tried and convicted in the same manner as if he were a principal. Dolan objected to these instructions by arguing that since he was charged as a principal, an instruction on aiding and abetting was improper. We disagree.

In *Biggerstaff v. State* (1977), 266 Ind. 148, 361 N.E.2d 895, 898, our Supreme Court stated:

"When one is charged as a principal it is not error to instruct on the crime of aiding in the commission of the crime when there is evidence to support such an instruction. *Doss v. State,* (1971) 256 Ind. 174, 267 N.E.2d 385; *Bays v. State,* (1959) 240 Ind. 37, 159 N.E.2d 393. . . ."

In the case at bar there is ample evidence to support the inference that Dolan aided and abetted Bruington in the commission of the crimes with which they were charged. Dolan made his leased car available to Bruington and even drove her from drugstore to drugstore in different towns. Such evidence is sufficient to show his active participation as an accomplice.

*Issue Five*

Dolan contends that the trial court erred in permitting the State to amend its list of witnesses to add Dr. Larry S. Eichmeier to its list so that he could testify on the next day of trial concerning the identification of the pills which were found in Dolan's car. Dolan moved for a continuance, and his motion was overruled.

We hold that the trial court did not err in permitting the State to amend its list of witnesses nor in overruling Dolan's motion for continuance. First of all, there is no showing that the deputy prosecutor acted in bad faith in adding Dr. Eichmeier to its list of witnesses. In fact there is evidence that Dr. Eichmeier's testimony was sought as rebuttal to attempts by the defendants to cast doubt upon whether or

not the pills in the vial were, indeed, dexidrine. Dolan has not shown how he was prejudiced in that two other witnesses also identified the pills in question as dexidrine. See *Lund v. State* (1976), 264 Ind. 428, 345 N.E.2d 826.

Dolan's motion for continuance was properly overruled in that Dr. Eichmeier was not called as a witness until the day after it was announced that the State intended to call him as a witness, thus giving Dolan the opportunity, if he so chose, to depose the witness prior to the witness' offering his testimony in court. Dolan has, again, shown no harm.

*Issue Six*

Dolan contends that the trial court erred in restricting his cross-examination of Officer Wilson about the analysis of certain handwriting samples which were taken from Dolan and Colter. We disagree.

The State did not ask any questions about handwriting samples in its direct examination of Officer Wilson. Therefore, any attempt to ask questions on cross-examination concerning matters which were not alluded to on direct examination would have been improper. See *Strickland v. State* (1977), 265 Ind. 664, 359 N.E.2d 244 and *Pulliam v. State* (1976), 264 Ind. 381, 345 N.E.2d 229. Therefore, we hold that the trial court did not err in restricting Dolan's cross-examination on this matter.

*Issue Seven*

Dolan contends that the trial court erred in sentencing him on all counts. He argues that forgery and uttering a forged instrument are lesser included offenses of the crime of attempting to obtain a controlled substance by deception in that IC 1971, 35-24.1-4.1-17(a)(3) (Burns Code Ed.) (Repealed) includes forgery as one of the methods of deception. We do not agree.

In order for an offense to be a necessarily lesser included offense it must be such that one cannot commit the greater offense as charged without also having committed the lesser offense. See IC 1971, 35-4.1-4-6 (Burns Code Ed.). See also *Carter v. State* (1972), 155 Ind.App. 10, 291 N.E.2d 109, 112-113, where it states:

"The recognized test has been that to constitute a lesser included offense, all the elements of the lesser offense must be contained in the greater offense charged in the indictment or affidavit which, in addition, contains other elements not a part of the lesser offense. *Watford v. State, supra; Hobbs v. State, supra; Hatfield v. State, supra; Young v. State, supra; Thomas v. State, supra.*

However, our Supreme Court in *Hash v. State* (Ind.1972) 284 N.E.2d 770, seems to have qualified the above tests by saying:

'The foregoing test [as stated in *Hobbs, supra*], however, must not be administered merely by applying the elements of the respective crimes as defined by the statutes; but rather, *it is also necessary to look to the charging affidavit or indictment to see if a lesser offense is necessarily included in the greater one,* as charged. * * * *In addition to the statutes, then we must also look to the wording of the offense charged* in each case to determine what lesser offenses, if any, are included.' (Emphasis supplied.)

\* \* \*

In *Hitch* [*v. State* (1972), 259 Ind. 1, 284 N.E.2d 783] the defendant was indicted for Robbery By Putting in Fear and subsequently convicted of the lesser included offense of Theft From The Person. The language of the Affidavit in *Hitch*, as in the Indictment we are considering, failed to allege specifically that the defendant intended to deprive the owner of the use or benefit of the property. The Supreme Court upheld the conviction of the necessarily lesser included offense of Theft From The Person, saying:

' * * * it is immediately apparent that it would be impossible to commit the offense of robbery by putting in fear without having committed a theft from the person. Robbery by putting in fear requires a taking from the person of another an article of value by putting such person in fear. A theft from the person is committed when one obtains unauthorized control over property of the owner with intent to deprive the owner of the use or benefit thereof. If the offense is accomplished without putting in fear the person from whom control of the property is obtained, it is a theft from the person, but if the element of putting such person in fear is added, then the offense is robbery by putting in fear. *The taking of something from the person of another by putting him in fear of*

*necessity is an obtaining of unauthorized control of such property.'* (Emphasis supplied.)

We think that the language that Carter and Cole did 'feloniously . . . by violence . . . take and steal from the person' of Martin is sufficient to specify the element of theft that the accused 'obtains by threat control over property of the owner' and 'intends to deprive the owner of the use or benefit of the property.' *Hitch v. State, supra.*

We recognize the fundamental principle of criminal procedure which requires sufficient specificity in the language of an indictment to give the defendant notice of the crime with which he is charged. Even so, the language of the Indictment was sufficient notice to Carter and Cole that they could be convicted of Theft in lieu of Robbery. It is a *necessarily included lesser offense* — not merely a lesser possible offense.

§ 1817 [IC 1971, 35-1-39-2 (Burns Code Ed.) (Repealed)] operates to lessen the need for specificity in the affidavit or indictment if, and only if, the conviction is of a *necessarily included lesser offense* as those words have been consistently interpreted by the cases cited above. Such an interpretation plus an examination of the evidence *(infra)* seems to afford ample protection to an accused." (Original emphasis) (Our insertions except first)

Although the thrust of the court's statements in *Carter, supra,* is somewhat different from that of the case at bar, those statements, nonetheless, explain the law which is applicable here. We hold that the offenses of forgery and uttering a forged instrument are not necessarily lesser included offenses of the crime of attempting to obtain a controlled substance, but they are in the words of Judge Buchanan in *Carter, supra, lesser possible offenses.*

IC 35-24.1-4.1-17(a)(3), *supra,* enumerates forgery as only one of many forms of deception, including also: misrepresentation, fraud, deception, or subterfuge. The charging information as contained in the record in the case at bar simply charged the defendants with a violation of IC 35-24.1-4.1-17(a)(3), *supra.* It is possible to violate IC 35-24.1-4.1-17(a)(3), *supra,* without committing a forgery. A person could use a valid but stolen prescription, misrepresent his identity, and obtain drugs in violation of IC 35-24.1-4.1-17(a)(3), *supra,* without forging anything. Therefore, under the statutes and in light of the charg-

ing information, forgery and uttering a forged instrument are not necessarily lesser included offenses of attempting to obtain a controlled substance by deception.[1]

We, therefore, reverse the judgment on all counts as to Colter and affirm the judgment on all counts as to Dolan.

Lybrook, P.J. and Robertson, J. concur.

NOTE—Reported at 381 N.E.2d 543.

1. The issue presented in the case at bar is analogous to that which was presented in *Buckley v. State* (1975), 163 Ind.App. 113, 322 N.E.2d 113, where this court held that uttering a forged instrument was a separate and distinct offense from and therefore not a lesser included offense of the unlawful use of credit card where the defendant obtained goods by forging a credit ticket.